

DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore**

| | | |
|---|---|---|
| **In re:** | : | |
| **Robert A. Barton** | : | **CASE NO. 05-41280-DK** |
| | | **CHAPTER** |
| | : | |
| Debtor. | | |
| | : | |

_____

## MEMORANDUM OF DECISION

Before the court is the Chapter 7 Trustee's Objection to Debtor's Exemptions. The Debtor has not filed any response to the Objection. The court has reviewed the Trustee's pleading and the applicable statutes and caselaw and finds that a hearing would not aid the decisional process. For the reasons set forth herein, the Trustee's Objection will be sustained.

Debtor commenced this case under chapter 7 of the Bankruptcy Code on October 15, 2005. George Liebmann, Esquire was appointed as the chapter 7 trustee and pursuant to Section 704 of the Bankruptcy Code was charged with the duty of investigating and administering the assets of the estate.

With his petition, Debtor filed his Schedule B listing, *inter alia,* personal property

in the nature of an anticipated tax refund of $22,000 (the "Anticipated Tax Refund") and a $10,000,000 claim against Ford (Primus) (the "Claim Against Ford"). Schedule B further noted that the Debtor was asserting the ownership of the Anticipated Tax Refund to be "joint."

On Schedule C, Debtor asserted an exemption in the Anticipated Tax Refund and stated the grounds of the exemption to be that the property was owned as tenants by the entireties. As to the Claim Against Ford, Debtor asserted an exemption in the entire amount pursuant to Md. Code Ann. Cts. & Jud. Proc. § 11-504(b)(2).[1] The Trustee has objected to the Debtor's asserted exemptions of both the Anticipated Tax Refund and the Claim Against Ford. The Debtor has not filed any response to the Objection.

As to the Anticipated Tax Refund, the Trustee argues that tax refunds from joint returns do not qualify for the tenants by the entireties exemption. The Trustee cites caselaw recognizing the positions of the courts with regard to the proper determination of the proper allocation of the joint tax refunds, but has not taken a position on how the instant Debtor's Anticipated Tax Refund should be allocated.

The court finds that there are no facts before the court which would substantiate any finding that the Anticipated Tax Refund could be exempt by reason of tenants by the

---

[1] That section provides:
The following items are exempt from execution on a judgment: . . . (2) Money payable in the event of sickness, accident, injury, or death of any person, including compensation for loss of future earnings. This exemption includes but is not limited to money payable on account of judgments, arbitrations, compromises, insurance, benefits, compensation, and relief. Disability income benefits are not exempt if the judgment is for necessities contracted for after the disability is incurred.
Md. Code Ann. Cts. & Jud. Proc. § 11-504(b)(2).

entireties.  In *McClelland v. Massinga*, 786 F.2d 1205 (4th Cir. 1986), the United States Court of Appeals for the Fourth Circuit, citing Maryland law, held that there was no legal basis for finding a joint tax refund to be owned as tenants by the entireties.  *Id.* at 1209.  The court wrote:

> We think *Diamond* dispositive of the standing of the obligated spouses to maintain as plaintiffs this proceeding.  It is manifest that, in making the payment pursuant to a joint tax return, the husbands in this case were not intending to create an interest in any possible overpayment in favor of their wives as tenants by the entireties; as the district judge correctly opined, the husbands were seeking the advantage that would accrue to them as taxpayers by filing a joint tax return.  At the time they filed their returns, the husbands presumably had no more basis to assume that they retained any interest in the payment they made to the State than when they paid any other obligation.  To read in such a payment, though made pursuant to a joint tax return, an intention to create a tenancy by the entireties would be pure fantasy.  Nor was the State creating an estate by the entireties by issuing the refund check in the name of the husband and wife; that method was used simply to assure that each party received such of the refund as he or she by his or her contribution, was entitled to receive on the basis of his share in the overpayment.

*Id.* at 1209 (citing *Diamond v. Diamond*, 298 Md. 24, 467 A.2d 510 (1983).

As in the *McClelland* case, this court finds that there are no facts before the court from which is could be determined that there existed the requisite manifest intent to create an entireties property in the Anticipated Tax Refund.  Accordingly, the court must deny the exemption as claimed.

Nevertheless, the Trustee notes in his Objection that the Debtor has unused exemptions under Md. Code Ann. Cts. & Jud. Proc. § 11-504(b)(5) and (f) in the amount of $7,395.00 that could be applied to the Debtor's portion of a joint tax refund.  The Trustee therefore requests that the court allow an exemption in that amount and the court will so

allow.

With respect to the Claim Against Ford, the court finds that the claimed exemption must be disallowed. The caselaw in this district is clear in setting forth that the exemption available under Maryland Code Ann. Cts. & Jud. Proc. § 11-504(b)(2) is limited to "money that was awarded to a person for sickness, accident, injury or death" and that compensates the debtor for an injury to the physical person. *See In re Hurst*, 239 B.R. 89, 91 (Bankr. D. Md. 1999). *See also In re* Butcher, 125 F.3d 238 (4th Cir. 1997); In *re Hernandez*, 272 B.R. 178 (Bankr. D. Md. 2001). The exemption does not extend to claims or awards based on fraud, misrepresentation, or breach of contract. Accordingly, the asserted exemption pursuant to Md. Code Ann. Cts. & Jud. Proc. § 11-504(b)(2) will be denied.

The court will enter an Order in conformity with this Memorandum.


cc:     Debtor
        Debtor's counsel
        Chapter 7 Trustee
        All creditors and parties in interest

**End of Order**